# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 8001 | DATE | 6/21/2001 |
| CASE TITLE | SMOLEK, et al vs. THE VILLAGE OF PALOS PARK | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: because we granted defendants' motion to dismiss Count III of Smolek's second amended complaint, Count III is stricken from Smolek and Mattingly's third amended complaint. As to Count I, defendant's motion to dismiss Mattingly is granted. However, we grant Mattingly leave to amend count I to allege jurisdiction under the "opt in" provision of the ADEA. As to Count II, defendant's motion to dismiss Mattingly is also granted. However, we grant Mattingly leave to amend Count II to allege that he complained that the promotional process was discriminatory on the basis of age. Status hearing set for 7/18/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 21 2001 | 42 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 01 JUN 21 PM 2:54 | date mailed notice |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALAN SMOLEK and,
WILLIAM MATTINGLY

    Plaintiffs,

v.

THE VILLAGE OF PALOS PARK,

    Defendant.

No. 99 C 8001
Paul E. Plunkett, Senior Judge

## MEMORANDUM OPINION AND ORDER

Plaintiffs Alan Smolek ("Smolek") and William Mattingly ("Mattingly") have filed a three-count third amended age discrimination complaint against the Village of Palos Park. Plaintiffs are seeking relief for defendant's discriminatory failure to promote (Count I); retaliation (Count II); and violation of the Illinois Freedom of Information Act (Count III). Defendant filed a motion to dismiss plaintiffs' third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, defendant's motion to dismiss Counts I and II is granted. However, Mattingly is given leave to amend both of those claims. In addition, because we granted defendants' motion to dismiss Count III of Smolek's second amended complaint, Count III is stricken from Smolek and Mattingly's third amended complaint.



## Facts[1]

Smoke and Mattingly have been employees of Palos Park Police Department since 1992 and 1984 respectively. In 1999, plaintiffs and six other police officers applied for a promotion to the position of probationary sergeant of police. In order to determine which three officers out of the eight applicants would receive the promotion, the Palos Park Police Department administered a written and oral examination. Smolek was fifty-one years old at the time he took the examination, and Mattingly was forty-five.

Although they were qualified for the position, plaintiffs were not promoted to the position of probationary sergeant of police. Two of the three officers who were promoted were under the age of forty and less qualified than plaintiffs. The Palos Park Police Department informed plaintiffs that they were not promoted because neither of them had one of the three highest test scores. Plaintiffs assert that defendant's explanation is a pretext in that the real reason they were not promoted was because the test was manipulated for the purpose of favoring employees under the age of forty to the detriment of employees over the age of forty. After plaintiffs told the Chief of Police that they thought the promotion process had been unfair, both were retaliated against.

## Legal Standard

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint must be taken as true, with all reasonable inferences drawn in the plaintiff's favor. See Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). A complaint may be

---

[1]These facts are taken from plaintiffs' third amended complaint.

dismissed only if it is clear that no set of facts consistent with its allegations would entitle the plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

In defendants' motion to dismiss Smolek's second amended complaint, we granted defendants' motion with respect to Smolek's Illinois Freedom of Information Act claim (Count III). Therefore, Count III is stricken from Smolek and Mattingly's third amended complaint.

The only discernable difference between Smolek's second amended complaint and plaintiffs' third amended complaint is the addition of Mattingly as a plaintiff. As a result, defendant's motion to dismiss only addresses the claims asserted by Mattingly. Therefore, to the extent possible, we will only address the facts and claims relating to Mattingly.

## Count I

Count I is a claim by Mattingly against the Village of Palos Park for discriminatory failure to promote. He argues that the promotional examination was manipulated in such a way that he was discriminated against on the basis his age. Defendant argues that Count I should be dismissed as to Mattingly because: (1) Mattingly has failed to allege jurisdiction based on the "opt in" exception; (2) Mattingly fails to meet the "opt in" requirements because Smolek's claim does not contain an allegation of class-wide discrimination; (3) Mattingly and Smolek are not similarly situated; and (4) Mattingly has not alleged a prima facie case of age discrimination.

First, defendant argues Count I must be dismissed because Mattingly has failed to properly allege jurisdiction. Generally, in order to have a cognizable claim in federal court, a plaintiff must

file a charge of discrimination with the EEOC within 300 days after the alleged unlawful conduct. 29 U.S.C. § 626(d). However, a plaintiff's complaint will not be dismissed for failure to file a timely charge of discrimination with the EEOC if he can "opt in." Anderson v. Montgomery Ward & Co., 852 F.2d 1008, 1016 (7th Cir. 1988). Mattingly concedes that his EEOC charge is untimely. Therefore, in order for Count I to survive a motion to dismiss, Mattingly has to allege that he is "opting in" pursuant to Smolek's timely filed EEOC charge. He has not done so. As a result, we grant defendant's motion to dismiss Count I as to Mattingly. However, we grant Mattingly leave to amend to allege jurisdiction over his age discrimination claim under the "opt in" provision of the ADEA. In the interests of judicial efficiency, we will assume that Mattingly has properly pleaded jurisdiction under the "opt in" provision and continue with defendant's other arguments for dismissing Count I.

Second, defendant argues that Mattingly fails to meet the "opt in" requirements because Smolek's claim does not contain an allegation of class-wide discrimination. In order to "opt in," an untimely plaintiff must allege that the timely plaintiff's EEOC charge contains an allegation of class-wide discrimination. Anderson, 852 F.2d at 1016. Smolek's EEOC charge states: "The Palos Park Police Department administered a written and oral examination for the purposes of choosing among the applicants for a promotion. I believe the test was manipulated on the basis of age... I believe that I have been discriminated against because of my age...." (Def.'s Mot. Dismiss at Ex. C.) Not surprisingly, Mattingly focuses on the general language "I believe the test was manipulated on the basis of age," and defendant focuses on the specific language "I believe that I have been discriminated against because of my age."

We find defendant's focus on the specific language "I believe that I have been discriminated against because of my age" misguided. In Anderson, the Seventh Circuit held "that such an explicit mention that a representative action is contemplated is [not] necessary." Anderson, 852 F.2d at 1017. In other words, Smolek's EEOC charge does not have to allege that he is representing a class in order for Mattingly to "opt in." See also Levine v. Bryant, 700 F.Supp. 949, 955 (N.D. Ill. 1988). All that is necessary to be faithful to the purposes of the filing requirement is an EEOC charge that alleges class-wide discrimination. Id.

We find Smolek's EEOC charge sufficiently alleges class-wide discrimination. As cited above, Smolek's EEOC charge states: "The Palos Park Police Department administered a written and oral examination for the purposes of choosing among the applicants for a promotion. I believe the test was manipulated on the basis of age." (Def.'s Mot. Dismiss at Ex. C.) Smolek has alleged that the Palos Park Police Department manipulated its promotional examination on the basis of age. This general allegation suggests that because the test was manipulated <u>all older people</u> that took the test were disadvantaged, not just Smolek. Therefore, Smolek's EEOC charge put Palos Park Police Department on notice that other complaints of age discrimination may follow. As a result, Smolek's EEOC charge sufficiently alleges class-wide discrimination.

Third, defendant argues that Mattingly and Smolek are not similarly situated. In order to "opt in," a plaintiff must allege that he is similarly situated to the plaintiff that has filed a timely charge of discrimination with the EEOC. Anderson, 852 F.2d at 1016. In other words, Mattingly must come forth with sufficient facts demonstrating that he was treated similarly to Smolek. The purpose of allowing similarly situated plaintiffs to "piggyback" is because "it would be wasteful, if not in vain, for numerous employees, all with the same grievance, to have to process many identical

-5-

complaints with the EEOC." Allen v. City of Chicago, 828 F.Supp. 543, 556 (N.D. Ill. 1993). In Count I of plaintiffs' third amended complaint, Mattingly and Smolek allege almost identical facts: both took the promotional examination; both were more qualified than at least two of the applicants; both were denied a promotion; both were told that they did not score high enough; and both allege that the test was manipulated to favor officers younger than forty to the detriment of officers over forty. The only difference between Mattingly and Smolek's allegations is that Smolek was fifty-one years old when he took the test, and Mattingly was forty-five.

Defendant would have us believe that because of the age difference between Smolek and Mattingly "an entirely different set of facts and legal theor[ies]" will have to be used for each of the plaintiffs. We disagree. The fact that Smolek and Mattingly are of different ages is inconsequential. Their argument is that the test was manipulated to favor officers younger than forty to the detriment of officers over forty. Both plaintiffs were over forty when they took the test, so the facts and legal theories should be sufficiently similar.

Fourth, defendants argue that Mattingly has not alleged a prima facie case of age discrimination because Mattingly is not substantially younger than his comparatives. Under the McDonnell Douglas framework, Mattingly's initial burden is to show: (1) he was in the protected age group of forty or older; (2) he was qualified for the job for which he applied; (3) he was not promoted; and (4) younger employees were treated more favorably. Hartley v. Wisconsin Bell, Inc., 124 F.3d 887, 890 (7th Cir. 1997).

Mattingly has alleged that he was over forty when he took the promotional examination, that he was qualified for the job for which he applied, that he was not promoted, and that younger employees were treated more favorably. However, our inquiry does not end here. In O'Connor v.

Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996), the Supreme Court held that an inference of age discrimination cannot be drawn from the replacement of one worker with another worker who is insignificantly younger. In other words, the plaintiff must allege that the replacement worker is significantly younger in order for an inference of age discrimination to arise. According to Hartley, a ten-year age difference is presumptively substantial, while a period of less than ten years is presumptively insubstantial. Hartley, 124 F.3d at 893. Id. "In cases where the disparity is less, the plaintiff still may present a triable claim if [he] directs the court to evidence that [his] employer considered [his] age to be significant." Id.

Mattingly was forty-five years old when he took the promotional examination. He was born on July 13, 1955. Of the three officers that were promoted, William Jackson was born on January 28, 1954, John Sawyer was born on July 4, 1963, and Michael Colavecchi was born on May 5, 1965. In short, none of the officers that were promoted were ten years younger than Mattingly. In fact, William Jackson is older than Mattingly. However, the closest officer, Michael Colavecchi, is only two months shy of being ten years younger than Mattingly. Nonetheless, under Hartley, Mattingly's age disparity is presumptively insubstantial. This may seem like a harsh result considering that Mattingly is only two months away from a presumptively substantial inference. However, to find that nine years and ten months is "close enough" under Hartley would undermine the Seventh Circuit's attempt to create a bright line test for determining whether an allegation of age disparity is sufficient to give rise to an inference of age discrimination. Therefore, in order to have a viable claim, Mattingly must alleged "evidence that [his] employer considered [his] age to be significant." Hartley, 124 F.3d at 893.

In support of his contention that his employer considered his age to be significant, Mattingly asserts that the defendant "passed over Mattingly, a highly decorated twenty year veteran of the police force, in favor of Colavecchi, who had not even graduated from the police academy at the time of the test." (Mattingly's Resp. at 7.) Defendant argues that this evidence is insufficient under Cotton v. City of Alameda, 812 F.2d 1245, 1249 (9th Cir. 1987). We disagree. In Cotton, the Ninth Circuit held that "it is irrelevant that some other criterion, such as experience, might more accurately indicate someone's law enforcement abilities" than an oral examination. However, unlike the plaintiff in Cotton, Mattingly has alleged that the test itself was manipulated in a discriminatory way. Therefore, the fact that an officer with no experience was chosen over Mattingly, who had twenty years experience, is compelling "evidence that [his] employer considered [his] age to be significant." Hartley, 124 F.3d at 893.

### Count II

In Count II, Mattingly has alleged that defendants retaliated against him in violation of the ADEA, 29 U.S.C. § 623(d). Defendant argues that Mattingly has failed to allege a prima facie case of retaliation. In order to state a prima facie case for retaliation under the ADEA, Mattingly must allege that: (1) he was engaged in a protected activity under the ADEA; (2) an adverse employment action was taken by defendant; and (3) there is a nexus between the protected activity and the adverse act. Debs v. Northeastern Illinois University, 153 F.3d 390 (7th Cir. 1998).

The focus of defendant's argument is that Mattingly has not alleged that he was engaged in a protected activity under the ADEA. Count II of plaintiffs' third amended complaint states that "Mattingly also complained to Police Chief Miller and Commissioner Baca that he believed the

promotion process was unfair." (Pls.' Third Am. Compl. at 4.) Defendant argues that alleging that the promotion process was "unfair" is insufficient. (Def.'s Resp. at 9, citing EEOC v. Fina Oil & Chem. Co., 835 F. Supp. 330 (E.D. Tex. 1993).) In order to be sufficient, according to defendant, Mattingly must specifically allege that he complained that the promotional process was discriminatory based on age. (Def.'s Resp. at 8.) We are already granting Mattingly leave to amend Count I. Therefore, instead of needlessly assessing the merits of defendant's argument, we grant Mattingly leave to amend Count II to allege (if, in good faith, he can do so) that he complained that the promotional process was discriminatory on the basis of age.

## Conclusion

In sum, because we granted defendants' motion to dismiss Count III of Smolek's second amended complaint, Count III is stricken from Smolek and Mattingly's third amended complaint. As to Count I, defendant's motion to dismiss Mattingly is granted. However, we grant Mattingly leave to amend Count I to allege jurisdiction under the "opt in" provision of the ADEA. As to Count II, defendant's motion to dismiss Mattingly is also granted. However, we grant Mattingly leave to amend Count II to allege that he complained that the promotional process was discriminatory on the basis of age.

**ENTER:**

*[signature]*

**UNITED STATES DISTRICT JUDGE**

DATED: 6-21-01