Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8001 | **DATE** | 6-27-01 |
| **CASE TITLE** | Smolek vs. Palos Park | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____ . |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] ENTER CORRECTED MEMORANDUM OPINION AND ORDER: The new order changes the language in the original opinion of page 3, line 3 from "discriminated against him on the basis of race" to "discriminated against him on the basis of age." This correction does not influence the merits of defendants' motion to dismiss and, therefore, the original Order partially granting that motion stands. |
| (11) | ☐ | [For further detail see order (on reverse side of/attached to) the original minute order.] |

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone. ✗
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials

number of notices

JUN 27 2001
date docketed

docketing deputy initials

Document Number: 43

FILED FOR DOCKETING
01 JUN 27 PM 2: 53

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

| | | |
|---|---|---|
| ALAN SMOLEK, | ) | **DOCKETED** |
| Plaintiff, | ) | JUN 2 7 2001 |
| v. | ) | No. 99 C 8001 |
| | ) | Paul E. Plunkett, Senior Judge |
| PALOS PARK POLICE DEPARTMENT, THE VILLAGE OF PALOS PARK, and JOSEPH MILLER, CHIEF OF POLICE, and CAROLYN BACA, COMMISSIONER, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alan Smolek ("Smolek") has filed a four-count second amended age discrimination complaint against Palos Park Police Department, the Village of Palos Park, Chief of Police Joseph Miller, and Commissioner Carolyn Baca, (collectively referred to as "defendants"). Smolek is seeking relief for defendants' discriminatory failure to promote (Count I); retaliation (Count II); violation of the Illinois Municipal Code (Count III); and violation of the Illinois Freedom of Information Act (Count IV). Defendants filed a motion to dismiss Smolek's complaint and a motion to strike portions of Smolek's complaint pursuant to Federal Rules of Civil Procedure (Rule) 12(b)(1), 12(b)(6), and 12(f). For the reasons stated herein, defendants' motion to dismiss defendants Palos Park Police Department, Chief of Police Joseph Miller, and Commissioner Carolyn Baca as to Counts I, II, and IV is denied as moot, defendants' motion to dismiss Count III is denied

as moot, defendants' motion to strike portions of Count II is denied, and defendants' motion to dismiss Count IV is granted.

### Facts[1]

Smolek has been an employee of defendant Palos Park Police Department since 1992. In 1999, Smolek and seven other police officers applied for a promotion to the position of probationary sergeant of police. In order to determine which three officers out of the eight applicants would receive the promotion, the Palos Park Police Department administered a written and oral examination. Smolek was fifty-one (51) years old at the time he took the examination.

Although qualified for the position, Smolek was not promoted to the position of probationary sergeant of police. Two of the three officers who were promoted were under the age of forty and less qualified than Smolek. Defendants informed Smolek that he was not promoted because he did not have one of the three highest test scores. Smolek asserts that defendants' explanation is a pretext in that the real reason he was not promoted was because the test was manipulated for the purpose of favoring employees under the age of forty.

After Smolek was informed that he was not being promoted, he requested that defendants turn over information relating to the promotional examination. When defendants refused to release the information, Smolek filed a claim under the Illinois Freedom of Information Act, ("IFOIA"). 5 ILL. COMP. STAT. 140/1. However, defendants have since turned over the information Smolek requested. Nonetheless, Smolek is demanding fees and costs incurred in bringing that action.

---

[1]These facts are taken from Smolek's second amended complaint.

On August 24, 2000, Smolek filed a charge of discrimination with the Equal Employment Opportunity Commission, ("EEOC"). In his EEOC charge, Smolek asserted that defendants discriminated against him on the basis of age and retaliated against him for complaining of age discrimination. Besides the allegations of retaliation contained in Smolek's EEOC charge, he has asserted new allegations of retaliation in his second amended complaint.

### Legal Standard

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint must be taken as true, with all reasonable inferences drawn in the plaintiff's favor. See Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). A complaint may be dismissed only if it is clear that no set of facts consistent with its allegations would entitle the plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

Subsequent to defendants' filing this motion to dismiss, we granted Smolek leave to amend his complaint for a third time. As a result, several of defendants' arguments in its motion to dismiss are now moot. In his third amended complaint, Smolek dropped the claims against defendants Palos Park Police Department, Chief of Police Joseph Miller, and Commissioner Carolyn Baca as to Counts I, II, and IV. In addition, Smolek's third amended complaint does not contain Count III of his second amended complaint. Therefore, defendants' motion to dismiss with respect to these claims is denied as moot. We now turn to the remaining arguments of defendants' motion to dismiss.

**Count II**

In Count II, Smolek has alleged that defendants retaliated against him by subjecting him to unequal terms and conditions of employment in violation of the ADEA, 29 U.S.C. § 623(d). Smolek's EEOC charge includes the following general allegations of retaliation:

> I was retaliated against in that the Police Chief and others under him have increased the scrutiny of my work, have attempted to blame me for mistakes made by others, have personally demeaned and humiliated me in front of my co-workers, have attempted to besmirch my good name, and have otherwise engaged in retaliatory activity against me.

(Smolek's Resp. at 3 citing Def.'s Mot. Ex. B.) In addition to these allegations, Smolek's complaint alleges that the Chief of Police retaliated against him "by denying him overtime assignments, disciplining him, [and] endangering his health and well-being by requiring him to drive ill-maintained vehicles . . . ." (Smolek's Second Am. Compl. ¶ 21.) Defendants argue that these allegations were not encompassed in his EEOC charge and, therefore, should be stricken.

Generally, allegations that are not contained in an EEOC charge cannot be contained in a subsequent complaint filed in district court. Oates v. Discovery Zone, 116 F.3d 1161, 1168 (7th Cir. 1997). However, allegations which are not explicitly brought in charges filed with the EEOC can still be included in a judicial complaint so long as: "(1) the claim is like or reasonably related to the EEOC charges, and (2) the claim in the complaint reasonably could develop from the EEOC investigation into the original charges." Harper v. Godfrey Co., 45 F.3d 143, 148 (7th Cir. 1995); see also Babrocky v. Jewel Food Co., 773 F.2d 857, 864 (7th Cir. 1985). "The claims are not like or reasonably related unless there is a factual relationship between them. This means that the EEOC

charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 501 (7th Cir. 1994).

The liberal policy behind allowing new allegations is premised on the fact that EEOC charges are generally filed by laypersons and not lawyers. Cheek, 31 F.3d at 500. However, this policy is not without limitations. Our holding cannot have the effect of frustrating the EEOC's investigatory and conciliatory role or deprive the defendants of notice of the new charges. Id.

We find the first element, that "the claim is like or reasonably related to the EEOC charges," is satisfied. Harper, 45 F.3d at 148. However, we do so on a different basis than Smolek suggests in his response brief. In his response brief, Smolek asserts as part of his argument that the new allegations in his complaint are "like or reasonably related" because he alleged that defendants "have otherwise engaged in retaliatory activity against me" in his EEOC charge. (Smolek's Resp. at 3.) This argument is without merit. To find that the new allegations arise from the general statement contained in Smolek's EEOC charge would permit the exception to swallow the rule.

Smolek's new claims of retaliation are valid because they describe the same conduct and involve the same individuals as his EEOC charge. Cheeks, 31 F.3d at 501. For instance, a factual relationship exists between being wrongfully blamed for the mistakes of others and being denied overtime. It is reasonable to conclude that the basis for denying Smolek overtime was because he was making too many mistakes during his regular work hours. In addition, "personally demeaning and humiliating [Smolek] in front of [his] co-workers" could provide a factual basis for his new claim that he was disciplined and made to drive unsafe vehicles. All of Smolek's alleged instances describe the same conduct, i.e., that he was being retaliated against because he filed a claim against defendants on the basis of age discrimination. Finally, because all new allegations involve the same

individual, i.e., Chief of Police Joseph Miller, Smolek has satisfied the first prong of Harper. Harper, 45 F.3d at 148.

The second prong of Harper, that the claim in the complaint reasonably could develop from the EEOC investigation into the original charges, is also satisfied. Harper, 45 F.3d at 148. Admittedly, as the Seventh Circuit noted in Cheek, "the second part of the test is hard to apply because it requires speculation as to what the EEOC might or might not discover in the course of an investigation. Cheek, 45 F.3d at 500. However, because Smolek alluded to other instances of retaliation in his EEOC charge, and because there is a factual relationship between the new claims and the original claims, we are confident that an EEOC investigation would have uncovered the new allegations contained in his complaint. Therefore, defendants' agrument that they lacked notice during the EEOC proceedings with regard to Smolek's allegations in his complaint is unavailing. As a result, defendants' motion to strike portions of Count II is denied.

## Count IV

In Count IV, Smolek has alleged that defendants refused to release all records relating to his police promotional exam in violation of the IFOIA. 5 ILL. COMP. STAT. 140/1. In his response brief, Smolek admits that he has received the information he originally requested from defendants. (Smolek's Resp. at 5.) However, because Smolek has requested attorney's fees in connection with his request for information, Count IV is not moot.

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Defendants argue, inter alia, that we should not exercise supplemental jurisdiction over Count IV because it raises a novel issue of Illinois law. In support thereof, defendants assert that Smolek has not pointed to, nor have defendants revealed, one IFOIA case that addresses the specific issue of whether a municipality or state agency should release records relating to a police promotional exam. Our own search of Illinois case law has been just as fruitless. The closest case on point that we can find, which defendants have also cited in its reply brief, is Roulette v. Department of Cent. Management Services, 141 Ill. App. 3d 394, 399, 490 N.E.2d 60, 63, 95 Ill. Dec. 587, 590 (1st Dist. 1986). In Roulette, the court held that a psychologist's written evaluation of an applicant's personality test scores and notes of an applicant for the position of police officer need not be disclosed under the IFOIA. Id. The court's opinion is based upon its interpretation of 745 ILL. COMP. STAT. 140/7(1)(j) (formerly Ill. Rev. Stat. 1984 Supp., ch.116, par. 207(j)). That section states that "Test questions, scoring keys and other examination data used to administer an academic examination or determine the qualifications of an applicant for a license or employment" are exempt from inspection or copying. Id. This section clearly applies to people who are initially seeking employment. However, whether it also applies to people who are seeking a promotion is not clear. Therefore, because Smolek's IFOIA claim raises a novel issue of Illinois law, we decline to exercise supplemental jurisdiction.

## Conclusion

In sum, because Smolek's third amended complaint does not name Palos Park Police Department, Chief of Police Joseph Miller, and Commissioner Carolyn Baca as defendants, defendants motion to dismiss them as to Counts I, II, and IV is denied as moot. In addition, because Smolek's third amended complaint does not contain Count III of his second amended complaint, defendants' motion to dismiss Count III is also denied as moot. Furthermore, because we find Smolek's new retaliation allegations in his complaint to be "like or reasonably related" to the claims in his EEOC charge, we deny defendants motion to strike these allegations from Count II. Finally, because we find Count IV raises a novel issue of Illinois law, we decline to exercise supplemental jurisdiction over that claim. Therefore, defendants' motion to dismiss is granted in part and denied in part, and its motion to strike is denied.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: June 27, 2001